# EXHIBIT A

Case 4:17-cv-00774-A   Document 1-1   Filed 09/22/17   Page 2 of 32   PageID 6



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 9/22/17 9:16 AM |
|---|---|

| | | |
|---|---|---|
| Cause Number: | 017-294142-17 | Date Filed: 08-25-2017 |
| | COLON TAYLOR | ALLSTATE VEHICLE AND |
| | \| VS \| | PROPERTY INSURANCE COMPANY |
| Cause of Action: | CONTRACT, CONSUMER/DTPA | |
| Case Status: | PENDING | |

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 08-25-2017 | PLTF'S ORIG PET | N | I | 284.00 | |
| 08-25-2017 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 08-25-2017 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 08-25-2017 | SVC REQ FORM | I | | | 0.00 |
| 08-25-2017 | COPIES(SENT TO DP) | N | | 13.00 | |
| 08-25-2017 | COURT COST (PAID) trans #5 | Y | | | 13.00 |
| 08-25-2017 | CIT Cert Mail-ISSUED ON ALLSTATE VEHICLE AND PROPERTY INSURANCE-On 08/28/2017 | N | Svc | 83.00 | |
| 08-25-2017 | COURT COST (PAID) trans #7 | Y | | | 83.00 |
| 09-12-2017 | CIT Cert Mail Tr# 7 RET EXEC(ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY) On 08/31/2017 | I | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

FILED
TARRANT COUNTY
8/25/2017 8:24 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **017-294142-17** _____

| | | |
|---|---|---|
| COLON TAYLOR, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Colon Taylor ("Mr. Taylor"), Plaintiff herein, files this Original Petition against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of his causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Colon Taylor is a Texas resident who resides in Tarrant County, Texas.

2. Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140.

## II.
## DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### IV.
### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Tarrant County because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Tarrant County.

### V.
### FACTUAL BACKGROUND

7.      Mr. Taylor is a named insured under a property insurance policy issued by Allstate.

8.      On or about March 29, 2017 a storm hit the Haslet, Texas area, damaging Mr. Taylor's house and other property.  Mr. Taylor subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

2

12.     Moreover, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

**VI.**
**CAUSES OF ACTION**

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Allstate had a contract of insurance with Plaintiff.  Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

     (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

     (3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

     (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

     (5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated Section 541.061 by:

     (1)     making an untrue statement of material fact;

     (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

     (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

     (4)     making a material misstatement of law; and

     (5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.     Defendant has violated the Texas DTPA in the following respects:

4

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an

attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

### VII.
### CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

### VIII.
### DISCOVERY REQUESTS

28.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

### IX.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Colon Taylor prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Taylor be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Taylor may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:    */s/ Andrew Taylor*
           Richard D. Daly
           TBA No. 00796429
           rdaly@dalyblack.com
           ecfs@dalyblack.com
           Andrew Taylor
           TBA No. 24070723
           ataylor@dalyblack.com
           Charlie C. Gustin
           TBA No. 24078605
           cgustin@dalyblack.com
           David Bergen
           TBA No. 24097371
           dbergen@dalyblack.com
           2211 Norfolk St., Suite 800
           Houston, Texas 77098
           713.655.1405—Telephone
           713.655.1587—Fax

           **ATTORNEYS FOR PLAINTIFF**
           **COLON TAYLOR**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through his attorneys of record, Daly & Black, P.C, 2211 Norfolk St, Suite 800, Houston, Texas 77098.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:＿＿＿/s/ *Andrew Taylor*＿＿＿＿＿＿
　　　Richard D. Daly
　　　TBA No. 00796429
　　　rdaly@dalyblack.com
　　　ecfs@dalyblack.com
　　　Andrew Taylor
　　　TBA No. 24070723
　　　ataylor@dalyblack.com
　　　Charlie C. Gustin
　　　TBA No. 24078605
　　　cgustin@dalyblack.com
　　　David Bergen
　　　TBA No. 24097371
　　　dbergen@dalyblack.com
　　　2211 Norfolk St., Suite 800
　　　Houston, Texas 77098
　　　713.655.1405—Telephone
　　　713.655.1587—Fax

　　　**ATTORNEYS FOR PLAINTIFF**
　　　**COLON TAYLOR**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant would have received it when it was served with the citation.

*/s/ Andrew Taylor*
_____

Andrew Taylor

## **INSTRUCTIONS**

A.      These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.      If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

     1.  Identify the document's title and general subject matter;
     2.  State its date;
     3.  Identify all persons who participated in its preparation;
     4.  Identify the persons for whom it was prepared or to whom it was sent;
     5.  State the nature of the privilege claimed; and
     6.  State in detail each and every fact upon which you base your claim for privilege.

D.      If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.      If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.      You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

     1.  You know the response made was incorrect or incomplete when made; or
     2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.   **"Defendant," "You," "Your(s),"** refers to Allstate Vehicle and Property Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B.   **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.   **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.   **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.   **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.   **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.   "**Handle**" or **"Handled**" means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.   **"Lawsuit"** refers to the above styled and captioned case.

I.   **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.   The term "**Document**" shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed and has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.     The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.     The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.     The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.   **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.   **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.   **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.   **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.   **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.     The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT ALLSTATE

**INTERROGATORY NO. 1:**

Identify all persons answering or supplying any information in answering these interrogatories.

    **ANSWER:**

**INTERROGATORY NO. 2:**

Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;

    b.    their employer; and

    c.    description of their involvement with Plaintiff's Claim.

    **ANSWER:**

**INTERROGATORY NO. 3:**

If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

    **ANSWER:**

**INTERROGATORY NO. 4:**

State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

    **ANSWER:**

**INTERROGATORY NO. 5:**

If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

    **ANSWER:**

**INTERROGATORY NO. 6:**

If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

 **ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

 **ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

 **ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

 **ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

 **ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

 **ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 7

Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 8

Produce all communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 9

Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 10

Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations.  This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 11

Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 12

Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 13**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**

Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**

Please produce the Claims Core Process Review in effect during the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**

Please produce all versions of the Claims Core Process Review in effect for the three years preceding the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**

For any changes made in the last three years to your Claims Core Process Review, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**

Any requests for information by the Texas Department of Insurance to Defendant and any response to such request by Defendant to the Texas Department of Insurance regarding claims arising out of the March 29, 2017 storm.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
All documents sent to, or received by Defendant from the Texas Department of Insurance, the
Texas Insurance Commissioner and/or their agents, relating to the handling of hail and/or
windstorm claims within the last three (3) years.  This request includes all bulletins received by
Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26**
All advertisements, marketing or promotional items that addressed the handling of hail and/or
windstorm claims, published, used and/or distributed by Defendant in Tarrant County within the
last three (3) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Your written procedures or policies that pertain to the handling of windstorm and/or hail claims
in Texas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28**
For any changes made in the last three years to your written procedures or policies pertaining to
the handling of windstorm and/or hail claims in Texas, please produce all documents, supporting
information, research, studies and communications regarding such changes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29**
Any document setting forth Defendant's criteria and methodology used in determining whether
and how to apply depreciation on hail and/or windstorm claims in Texas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30**
Any document setting forth Defendant's criteria and methodology used in determining whether
to replace the drip edge on a roof when Defendant has estimated a roof replacement on a hail
and/or windstorm claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**

Any document setting forth Defendant's criteria and methodology used in determining the applicability of overhead and profit in the preparation of estimates for hail and/or windstorm claims in Texas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 32**

All service agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) or entity(ies) who handled the claim made the basis of the lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33**

Any document setting forth how Defendant compensated the adjuster and other individuals who handled Plaintiffs' claim made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34**

Any document related to performance-based pay or incentive-based pay programs that Defendant offers to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35**

Any document related to standards by which Defendant evaluates the performance of adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36**

All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 37

Any document related to how Defendant issues pay raises and bonuses to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 38

Any document referencing "customer-payment goals" sent by Defendant to claims office managers regarding hail and/or windstorm claims in Texas during the time period of January 1, 2016 through August 31, 2017.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 39

Any document setting forth Defendant's criteria and methodology used to determine when it appropriate to invoke appraisal on a hail/windstorm claim in Texas.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 40

Any document setting forth Defendant's criteria and methodology used to determine what items contained within an appraisal estimate and/or appraisal award should be covered and paid for by Defendant.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 41

Any and all communications between Defendant and any third party during the claims handling process of the claim made the basis of this lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 42

Produce all documents evidencing any incentives, financial or otherwise, provided to adjusters responsible for handling claims related to this loss, and this storm event.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 43**

Produce all communications between any Allstate representative and any adjuster handling a claim pertaining to this storm event, related to the company's loss ratio.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**

Please produce all documents related to Allstate's Claims Core Process Review, including any such training material provided to adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**

Please produce all Performance Development Summaries and any other related personnel file pertaining to any adjuster that handled the claim at issue here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**

Please produce all documents related to how adjusters and other related claims handlers are promoted within Allstate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47**

Please produce all records related to any data stored or generated by Colossus pertaining to this storm event and claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48**

Please produce all records and documents about the identification, observation or description of collateral damage in connection with the property at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49**

To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT ALLSTATE

### REQUEST FOR ADMISSION NO. 1:
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:
Admit that as of the Date of Loss the Policy was in full force and effect.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit that the Policy is a replacement cost value policy.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit that the Policy is an actual cash value policy.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 8:**

Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff timely submitted the Claim.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

    **RESPONSE:**

Cause Number 017-294142-17

COLON TAYLOR

VS

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY

## OFFICER'S RETURN

Received   this   Citation By Certified Mail_____   on   the 28th day of August, 2017   at 12:36 PM; and   executed   at
_B/S REG AGT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS TX 75201 3140_____

within the county of _____ State of TX on the 31st day of August, 2017   by  mailing to
the within named _ALLSTATE VEHICLE AND PROPERTY INSURANCE_ a true copy of this _Citation By Certified Mail_____
together with the accompanying copy of:
_PLAINTIFF'S ORIGINAL PETITION_____

Authorized Person/Constable/Sheriff: Thomas A. Wilder

100 N CALHOUN

FORT WORTH TX 76196-0402

County of Tarrant, State of Texas



By _____ Deputy

Fees $  75.00                LISA LETBETTER

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)                    _____

                          County of Tarrant, State of Texas

*01729414217000007*

FILED
TARRANT COUNTY

2017 SEP 12   A 9: 37

THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

### CITATION

*Cause No. 017-294142-17*

COLON TAYLOR

VS.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

## TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

B/S REG AGT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-314

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort-Worth Tarrant County, Texas said PLAINTIFF being

COLON TAYLOR

Filed in said Court on August 25th, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

For suit, said suit being numbered 017-294142-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

---

### ANDREW TAYLOR
Attorney for COLON TAYLOR Phone No. (713)655-1405
Address 2211 NORFOLK ST STE 800 HOUSTON, TX 77098

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and seal of said Court, at office in the City of Fort Worth, this the 28th day of August, 2017.

By *Anthony Ferrara*

ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402**

---

### OFFICER'S RETURN *01729414217000007*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION having first endorsed on same the date of delivery.

Deputy/Constable/Sheriff: _____

County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

7015 0640 0002 0984 8468



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

**OFFICIAL USE**

Certified Mail Fee   $ 3.35
Extra Services & Fees (check box, add fee as appropriate)   $2.75
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $1.075
☐ Adult Signature Restricted Delivery
Postage   2.05

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
B/S CT CORPORATION SYSTEM - REG AGT
1999 BRYAN ST.
STE. 900
DALLAS, TX 75201-3140

017-294142-17  DP/AF/CM

Postmark Here

8/3

7015 0640 0002 0984 8468

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
B/S CT CORPORATION SYSTEM - REG AGT
1999 BRYAN ST.
STE. 900
DALLAS, TX 75201-3140

017-294142-17  DP/AF/CM

9590 9403 0953 5223 1085 02

2. Article Number (Transfer from service label)
7015 0640 0002 0984 8468

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Chris Wells   AUG 31 2017
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature   ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery   ☐ Registered Mail™
☐ Certified Mail®   ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery   ☐ Return Receipt for Merchandise
☐ Collect on Delivery   ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery   ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

FILED
TARRANT COUNTY
2011 SEP 12 A 4:38
THOMAS A. WILDER
DISTRICT CLERK

---

*CITATION*

Cause No. 017-294142-17

COLON TAYLOR

VS.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

ISSUED

This 28th day of August, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      ANTHONY FERRARA Deputy

ANDREW TAYLOR
Attorney for: COLON TAYLOR
Phone No. (713)655-1405
ADDRESS: 2211 NORFOLK ST STE 800

HOUSTON, TX 77098

*CIVIL LAW*

*01729414217000007*

ORIGINAL