

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION**

| | | |
|---|---|---|
| **COLON TAYLOR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 4:17-cv-774-A** |
| | § | |
| **ALLSTATE VEHICHLE AND PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE JOHN MCBRYDE:

Colon Taylor ("Mr. Taylor"), Plaintiff herein, files his Amended Complaint against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of his causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Colon Taylor is a Texas resident who resides in Tarrant County, Texas.

2. Allstate is an insurance company doing business in the State of Texas and has already been served in this matter.

## II.
## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction of this cause of action pursuant to 28 US.C. § 1332.

2. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas, Fort Worth Division.

## III.
## FACTUAL BACKGROUND

3. Mr. Taylor resides in a home located at 10700 Kittering Trail, Haslet, Texas 76052. He is the named insured under a property insurance policy issued by Allstate, Policy No. 829871611, effective September 15, 2016 through September 15, 2017.

4. On or about March 29, 2017 several severe hail and wind storms struck Haslet, Texas, producing hail stones larger than tennis balls and as large as 2.75 inches in diameter in some areas along with high winds reaching up to 70 miles per hour. Multiple media and weather sources report that the area sustaining the most damage occurred in Plaintiff's zip code of 76052. The storms tracked across Texas and Oklahoma and left over 200,000 people without power. The storms damaged Mr. Taylor's home, namely the roof, soft metals, gutters/downspouts, garage door(s), and interior damage to the drywall, attic areas, and flooring.

5. Mr. Taylor subsequently filed a claim on his insurance policy, Claim No. 0450902663.

6. On or about April 3, 2017, Allstate adjuster Angela Hatcher inspected Mr. Taylor's residence. Hatcher drafted an estimate, listing Mr. Taylor's the replacement cost value of his damages at $24,509.97. Hatcher's estimate only addressed painting the exterior, repairing some damage to windows, repairs to some interior drywall, flooring, and some other minor additional repairs. Despite wide-spread damage to the interior and damage across Mr. Taylor's roof, Adjuster Hatcher refused to replace the entire roof. Instead, Hatcher wrote an estimate for partial replacement and patchwork repairs when the entire roof needed replacement.

7. Adjuster hatcher conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the

inspection, and undervalued the damages observed during the inspection and the value of the damage admitted on her estimate. This unreasonable investigation led to the underpayment of Plaintiff's claim.

8. Frustrated with the outcome of the claim and the obvious damage to his property and underpayment of the claim, Mr. Taylor attempted to address his concerns with Allstate. Allstate refused to change their position or explain their findings in detail. Moreover, Allstate's outcome-oriented investigation of Plaintiff's claim resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## IV. CAUSES OF ACTION

9. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract**

10. Allstate had a contract of insurance with Plaintiff. Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B. Prompt Payment of Claims Statute**

11. The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

12. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C. Bad Faith/Deceptive Trade Practices Act ("DTPA")**

13. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

14. Defendant violated Section 541.051 of the Texas Insurance Code by:

      (1)      making statements misrepresenting the terms and/or benefits of the policy.

15. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

16. Defendant violated Section 541.061 by:

    (1) making an untrue statement of material fact;

    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4) making a material misstatement of law; and

    (5) failing to disclose a matter required by law to be disclosed.

17. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

18. Defendant has violated the Texas DTPA in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

19. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D. Attorneys' Fees**

20. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

21. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

22. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V. CONDITIONS PRECEDENT

23. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Colon Taylor prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Taylor be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Taylor may show himself to be justly entitled.

Respectfully submitted,

By: /s/ David Bergen
Richard D. Daly
State Bar No. 00796429
David L. Bergen
State Bar No. 24097371
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax
rdaly@dalyblack.com
dbergen@dalyblack.com
ecfs@dalyblack.com

**ATTORNEYS FOR PLAINTIFF**

*-And-*

By: /s/ Stephen Wu
Stephen Wu
State Bar No. 24042396
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 722-5184 Direct
(214) 635-2686 Fax
swu@mwzmlaw.com

**LOCAL COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2017, a true and correct copy of the forgoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

David G. Allen
Joel A. Richmond
901 Main Street, Suite 6200
Dallas, Texas 75202
Tel: (214) 748-5000
Fax: (214) 748-1421 (fax)
allen@stacyconder.com
richmond@stacyconder.com

**ATTORNEYS FOR DEFENDANTS**

David Bergen
David L. Bergen